UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Case No. 04-12065 RCL

C.A.I. Inc.
    Plaintiff

v.

Omega Plastic Corp.
    Defendant

## ANSWER AND JURY DEMAND OF DEFENDANT OMEGA PLASTICS CORP.

Defendant Omega Plastics Corp. ("Omega") hereby responds to the numbered paragraphs of the Complaint of Plaintiff C.A.I. Inc. ("CAI"):

### Introduction

1. This paragraph purports to characterize the nature of the action and no response is required. To the extent that a response is deemed required, Omega admits that this action purports to be for breach of contract.

2. Admitted.

3. Admitted.

4. Admitted that the parties were engaged in a business relationship for several years and entered into a succession of agreements similar to the agreement that CAI has attached as Exhibit One to the Complaint. Otherwise, denied.

### Parties

5. Upon information and belief, admitted.

6. Admitted.

## Jurisdiction and Venue

7. Denied that this Court has personal jurisdiction "because, the title of goods at the heart of this complaint, passed from Plaintiff to Defendant in the Commonwealth of Massachusetts." Otherwise, admitted.

8. Denied.

## Factual Background

9. Admitted to the extent that the agreement referenced by CAI (which refers to "Alpha" and "Alpha Group" – a reference to Omega's parent corporation, Alpha Industries, Inc.) is an agreement establishing potential rebates to be paid by CAI based on the amount of ink purchased.

10. Admitted.

11. Omega is without knowledge or information sufficient to admit or deny the allegations contained in this paragraph of the Complaint.

12. Admitted. Further answering, Omega stopped such payments based on CAI's own material breaches of its obligations to Omega and CAI's violations of the covenant of good faith and fair dealing.

13. Denied.

14. Omega admits that it has obtained ink from another supplier in 2004. Otherwise, denied.

15. Admitted that Omega through its attorney has informed CAI that it does not intend to pay the sums claimed by CAI based on CAI's own material breaches of its obligations to Omega and CAI's violations of the covenant of good faith and fair dealing.

## Count I

16.  Denied.

WHEREFORE, the Defendant demands that a judgment of dismissal with prejudice be entered in its favor and that it be awarded its costs.

## FIRST AFFIRMATIVE DEFENSE

CAI's claims are barred based on its own material breaches of its obligations to Omega and its violations of the covenant of good faith and fair dealing. Specifically, in 2004 (after purchasing inks from CAI for several years) Omega decided to seek proposals from CAI and other ink manufacturers for its ink purchases. Omega was shocked at the results of the bidding process. It became clear that the prices CAI had been charging Omega were grossly out of proportion with industry standards. The overcharges were particularly egregious for specialty ink colors for which CAI had been charging Omega twice or more industry rates.

## SECOND AFFIRMATIVE DEFENSE

CAI's claims are barred by its own material misrepresentations to Omega, including that the prices it was charging Omega were fair and competitive.

## THIRD AFFIRMATIVE DEFENSE

This action should be transferred to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §1404.

### Jury Demand

Defendant demands a trial by jury on all issues so triable.

           **Omega Plastics Corp.**,

           By its attorneys,

           _____
           Leonard F. Clarkin, BBO #085800
           John R. Cavanaugh, BBO #558648
           **Clarkin, Sawyer & Phillips, P.C.**
           20 William Street
           Wellesley, MA 02481
           (781) 431-2525

Dated: December 3, 2004

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party (by mail) (by hand) on 12-3-04

_____