UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| C.A.I. Inc.         )<br>    Plaintiff    )<br>                         )<br>v.                       )<br>                         )<br>Omega Plastics Corp. )<br>    Defendant   )<br>_____) | Case No. No. 04-12605-RCL |

### JOINT STATEMENT

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1(D), Plaintiff C.A.I. Inc. ("CAI") and Defendant Omega Plastics Corp. ("Omega"), by their undersigned counsel, have conferred pursuant to those Rules and this Court's Order and hereby submits the following Joint Statement.

1. Summary of Positions

    a. The Plaintiff's position is that it was the obligation of CAI to manufacture and sell inks to Omega Plastics Corporation (hereinafter Omega) in accordance with its agreement with Omega, and it is the duty of Omega to pay for said inks. CAI has manufactured and sold its product to plants owned and operated by Omega in New Jersey and Kentucky. CAI has suffered economic damages by the refusal of Omega to pay for said ink products. Omega ordered and used, but refused to pay for said ink products with out cause or reason.

    In an attempt to resolve this matter both parties met at the Omega plant in Lyndhurst, New Jersey on October 20, 2004. At which time CAI again requested an understanding of Omega's claims and payment for ink manufactured and sold to Omega. Omega responded that it had used the product involved, had no problems with its quality, but absolutely refused to disclose any reason for non-payment. CAI then brought suit against Omega claiming $235,912.29 for non-payment by Omega on product manufactured and sold to Omega. CAI also claims $8,893.17 in interest damages for non-payment in accordance with the terms of their invoices. Omega owes CAI two hundred forty-four thousand eight hundred five dollars and forty-six cents ($244,805.46) for goods manufactured and sold to the defendant between May 1, 2004 and July 31, 2004, and prompt payment thereof by Omega would resolve this matter. CAI further requests any other equitable relief including fees, costs and interest.

    b. <u>The Defendant's Position</u>. Omega is a plastics packing film manufacturer and CAI is a manufacturer of flexographic and other inks. Omega purchased ink from CAI for approximately nine years. These purchases have grown from approximately $200,000 during the first year of business to approximately $1.1 million in 2003 (the last complete year).

    During 2004, Omega decided to seek proposals from CAI and other ink manufacturers for its ink purchases. The results of this bidding process shocked Omega because it became apparent that for years CAI had been drastically overcharging Omega for its ink purchases. Specifically, it became apparent that CAI had been charging Omega prices that were grossly out of proportion with industry standards for inks of an inferior quality. The overcharges were particularly egregious for specialty ink colors for which CAI had been charging Omega twice or more industry rates. When confronted with the fact of its overcharges, CAI refused to acknowledge any wrongdoing and filed the instant suit. CAI's claims are barred based on its own material breaches of its obligations to Omega and its violations of the covenant of good faith and fair dealing and misrepresentations that the prices it was charging Omega were fair and competitive.

2. Pursuant to Fed.R.Civ.P. 26(f) and LR, D. Mass 16.1(B), the Plaintiff and Defendant have conferred on December 30, 2004, and was attended by Attorney John Gilbertson, Attorney Robert J. Michaud, by telephone, both for CAI and Attorney John Cavanaugh for Omega Plastics Corp. The meeting was held at the offices of Clarkin, Sawyer, & Phillips, P.C., 20 William Street, Wellesley, MA 02481.

3. Pre Discovery Disclosures will be exchanged by the Parties in accordance with Fed.R.Civ.P. 26(f) and LR, D. Mass 26.1 by January 14, 2005.

4. Discovery Matters - The parties jointly propose to the Court the following Discovery Plan:
    a. Discovery will be needed, although not necessarily limited to, the following subjects:
        1. Omega's defenses, including that CAI had been charging Omega prices grossly out of proportion with industry standards and in contravention to representations that Omega was receiving competitive pricing;
        2. CAI claims that CAI upheld their obligations of the Parties Agreement, including all pricing agreements. CAI will seek to discover what inks if any were priced above the agreed upon pricing of the parties agreement;
        3. What prices Omega has paid for inks from other manufacturers, during the contract with CAI;

    4. What the initial quotes were received from all bidders to their 2004 vendor search and what vendors it chose;

    5. CAI seeks to discover all internal audits conducted by Omega in regards to their vendor pricing which Omega claims they have done to support their actions in not meeting their obligations;

    6. What inks and services were delivered to the defendant Omega which they have yet to pay for;

    7. The method and manner in which CAI determined the prices that it charged Omega;

    8. The prices charged by CAI to other customers for similar inks.

b. All Discovery will be commenced in time to be completed by July 1, 2005.

c. Limitations on discovery events shall be in accordance with LR, D. Mass 26.2;

d. Disclosures concerning experts under Fed. R. Civ. P. 26(a)(2)(A),(B)

    and (C) shall be served by regular mail by July 1, 2005.

d. In the event that a party designates an expert witness for a topic on which the other party has not designated an expert witness, disclosures concerning a counter-expert witness shall be served by regular mail by August 1, 2005.

5. Filing of Motions and Other Items

    a. The parties request that the Court schedule a Pre-Trial Conference at the scheduling conference on January 12, 2005;

    b. The parties shall be allowed until March 1, 2005 to Join Additional Parties and until April 30, 2005 to amend the pleadings;

    c. All potentially dispositive Motions shall be filed by July 15, 2005.

    d. The parties have discussed settlement, but have not been able to resolve their dispute.

    e. Final list of witnesses and exhibits under Rule 26 (a)(3) should be due 30 days before trial;

    f. Parties shall have 15 days for service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3)

g. Subject to the pendency of any dispositive motions, the case should be ready for trial on or after August 1, 2005. The plaintiff expects the trial to last three days. Defendant states that it is currently unable to estimate the length of the trial.

6. Certification of Budget and Alternative Dispute Resolution Programs.

The certifications of the respective parties and their counsel required by Local Rule 16.1(D)(3)(a) and (b) will be filed separately by respective counsel.

7. The Parties have been able to reach agreement on the Pre Trial Schedule in the above matters.

8. Consent to Magistrate Judge. Plaintiff CAI and Defendant Omega will consent to proceedings and trials before a magistrate judge.

Dated: January 5, 2005

Respectfully Submitted for the Plaintiff,
C.A.I. Inc.,
By its Attorneys,

John Gilbertson
365 Main Street
Stoneham, MA 02180
781 438-3445
781 438-8642 (fax)
BBO#: 191700

Robert J. Michaud, Esq.
360 Littleton Road, Unit E-10
Chelmsford, MA 01824
978-376-8649
978-256-9893 (fax)
BBO#: 652283

Respectfully Submitted for the Defendant,
Omega Plastics Corp.,
By its Attorney

Leonard F. Clarkin
John R. Cavanaugh
**Clarkin, Sawyer, & Phillips, P.C.**
20 William Street
Wellesley, MA 02481

781-431-2525
781-237-7580 (fax)
BBO#: 085800
BBO#: 558648