# **SETTLEMENT AGREEMENT**

This Settlement Agreement is entered into this ____ day of February, 2005 by and between CAI, Inc. ("CAI") and Omega Plastics Corp. ("Omega") in settlement of a lawsuit entitled CAI, Inc. v. Omega Plastics Corp., United States District Court for the District of Massachusetts, Docket No. 04-12065-RCL ("the Litigation").

WHEREAS, CAI and Omega have conducted business together for several years;

WHEREAS, CAI has alleged that Omega is indebted to it for goods sold and delivered;

WHEREAS, on September 27, 2004, CAI filed a filed a Complaint in the United States District Court for the District of Massachusetts thereby initiating the Litigation;

WHEREAS, Omega has filed an Answer in the Litigation and has denied any liability to CAI; and

WHEREAS, the Parties mutually desire to amicably resolve the Litigation, and all other claims and disputes between them, without resort to further legal proceedings;

NOW THEREFOR, it is hereby agreed in consideration of the mutual promises and obligations contained herein as follows:

1. **Settlement Amount.** Omega shall pay CAI the principal sum of **$200,000.00**, which shall be paid in ten equal monthly installments of **$20730.60** (representing a monthly payment of principal of **$20,000.00** and interest of **$730.60**) ("the Settlement Amount"). The Settlement Amount is in full and final settlement of all claims (known or unknown) that were or could have been advanced against Omega in the Litigation. The Parties agree and acknowledge that each payment of the Settlement Amount shall be by check payable to "C.A.I. Inc." Omega shall deliver the first payment of the Settlement Amount to 7 Martel Way, Georgetown, MA 01833 within five days following the Court's approval of the Agreed Order of Dismissal as described below. Each subsequent payment shall be due on the same day of each consecutive month until a total of 10 payments have been made and the Settlement Amount has been paid in full.

2. **Release of Omega.** In consideration for the undertakings of Omega set forth in this Settlement Agreement, CAI hereby absolutely and unconditionally releases, remits and forever discharges Omega and each of its attorneys, officers, directors, parents (including Alpha Industries, Inc.), affiliates (including Omega Extruding of California, Sigma Extruding Corporation, and Southeastern Plastics Corporations), employees, successors, heirs and/or agents (collectively, for purposes of this paragraph the "Released Parties"), from any and all debts, claims, demands, obligations, suits, actions, causes of action, complaints, contracts, damages, costs, attorney's fees and expenses of any nature whatsoever, known or unknown, which CAI now has or ever had against the Released

1

Parties from the beginning of the World until the date of this Agreement, including, but not limited to claims that were asserted or could have been asserted in the Litigation.

3. **Release of CAI.** In consideration for the undertakings of CAI set forth in this Settlement Agreement, Omega hereby absolutely and unconditionally releases, remits and forever discharges CAI and each of its attorneys, officers, directors, parents, affiliates, employees, successors, heirs and/or agents (collectively, for purposes of this paragraph the "Released Parties"), from any and all debts, claims, demands, obligations, suits, actions, causes of action, complaints, contracts, damages, costs, attorney's fees and expenses of any nature whatsoever, known or unknown, which Omega now has or ever had against the Released Parties, from the beginning of the World until the date of this Agreement, including, but not limited to claims that were asserted or could have been asserted in the Litigation.

4. **Dismissal of Litigation.** Simultaneously with the payment of the Settlement Amount, the Parties, through counsel, shall file an Agreed Order of Dismissal and a Joint Motion to Approve Agreed Order of Dismissal in the form attached hereto as Exhibits A and B. In the event that the Court shall fail to approve the Agreed Order of Dismissal, this Settlement Agreement shall be null and void.

5. **Breach of Settlement Agreement/Consent to Judgment.** In the event that Omega fails to make any payment hereunder within 2 business days after the same shall become due and payable, Omega shall be in default and CAI shall give written notice of default to Omega's counsel, by facsimile (Fax no.: 781-237-7580, Attn: Attorney Cavanaugh) and verify receipt thereof by phone. Omega shall then have 3 business days to cure the default by making any such payment(s) in arrears. If Omega does not timely cure the default, Omega shall be in material breach of this Settlement Agreement and CAI shall be authorized to file and enforce the Consent to Judgment in the form attached hereto as Exhibit C.

6. **Non-Admission.** This Settlement Agreement has been reached in settlement of the claims asserted in the Litigation, which claims are and have been vigorously contested by Omega. Accordingly, it is understood and agreed that nothing herein shall be construed as an admission or acknowledgment by Omega of any wrongful, unlawful or improper conduct.

7. **Governing Law/Jurisdiction/Venue.** This Agreement shall be governed by, construed, and enforced in accordance with the laws of the Commonwealth of Massachusetts.

8. **Waiver and Amendment.** No breach of any provision hereof can be waived unless in writing. Waiver of any one breach shall not be deemed to be a waiver of any other breach of the same or any other provision hereof. This Agreement may be amended only by a written agreement executed by the Parties in interest at the time of the modification.

9. **Counterparts.** This Agreement may be executed in counterparts and each counterpart will become effective and binding on the Date of this Agreement.

10. **Severability.** If any term, provision or condition contained in this Agreement shall, to any extent, be ruled invalid or unenforceable by a court of competent jurisdiction, the remainder of this Agreement (or the application of such term, provision or condition to persons or circumstances other than those in respect of which it is invalid or unenforceable), shall not be affected thereby, and each and every other term, provision and condition of this Agreement shall be enforceable to the fullest extent permitted by law.

11. **Entire Agreement.** This Settlement Agreement sets forth the entire agreement between the parties hereto, and fully supersedes any and all prior agreements or understandings between the parties hereto pertaining to the subject matter hereof.

_____
Witness

Date: 2/9/05

C.A.I. Inc.,

By: _____

_____
Witness

Date: 2/4/05

Omega Plastics Corp.,

By: _____

3

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| C.A.I. Inc.<br>    Plaintiff<br><br>v.<br><br>Omega Plastic Corp.<br>    Defendant | Case No. 04-12065 RCL |

### AGREED ORDER OF DISMISSAL

The parties hereby agree that this case has been settled and that all issues and controversies have been resolved to their mutual satisfaction. The parties request the Court to retain jurisdiction to enforce the terms of their settlement agreement under the authority of *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 381-82 (1994):

**IT IS HEREBY ORDERED:**

1. The parties shall comply with the terms of their settlement agreement entered into on February 4, 2005, a copy of which is attached hereto and incorporated by reference as if set forth fully herein.

2. By consent of the parties, the Court shall retain jurisdiction for the purpose of enforcing the terms of the settlement agreement through December 15, 2005.

3. Except as provided in paragraphs 1 and 2 above, this case is dismissed, with prejudice, and each party shall bear its own attorney's fees and costs.

IT IS ORDERED this ___ day of February, 2005.


REGINALD C. LINDSAY
United States District Judge

# EXHIBIT B

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| C.A.I. Inc.<br>　　　Plaintiff | )<br>)<br>) |
| v. | )<br>) |
| Omega Plastic Corp.<br>　　　Defendant | )<br>)<br>) |

Case No. 04-12065 RCL

### JOINT MOTION TO ENTER
### AGREED ORDER OF DISMISSAL

Plaintiff C.A.I., Inc. and Defendant Omega Plastics Corp. hereby jointly move this Honorable Court to enter an Agreed Order of Dismissal in the form submitted herewith. In support whereof, the parties state as follows:

1.　　The parties have entered into a settlement agreement that resolves all issues and controversies raised in this litigation. (A copy of the Settlement Agreement is attached to the Agreed Order of Dismissal). The Settlement Agreement calls for payments to be made over a ten month period of time and, in the event of a failure to make such payments, a consent to judgment in the original amount of Plaintiff's claim (subject only to offsets for payments made under the Settlement Agreement).

2.　　Given the nature and terms of the Settlement Agreement, the parties desire that the Court retain jurisdiction to enforce the terms of their settlement agreement under the authority of *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 381-82 (1994).

3.　　The Agreed Order of Dismissal submitted herewith is based upon the form suggested by Magistrate Judge Morton Denlow in M.Denlow, Federal Jurisdiction in the Enforcement of Settlement Agreements: *Kokkonen* Revisited, 2003 Fed. Cts. L. Rev. 2 §III.A.1. Magistrate Denlow specifically suggests that this form of Dismissal is appropriate when a settlement agreement calls for payments to be made over a period of time because it allows for enforceability of a settlement, while "making it clear that the court does not intend to be involved forever." Id. Thus, "if a settlement calls for payments to be made over a one-year period, the Court may wish to retain jurisdiction for a period of fifteen months to give the court time to address a default should it occur." Id.

4.　　In this case, the Settlement Agreement calls for payments to be made over a ten month period, so the parties have suggested that the Court retain jurisdiction for a period of one year to give the Court time to address a default should it occur.

WHEREFORE, the Plaintiff C.A.I., Inc. and Defendant Omega Plastics Corp. hereby jointly move this Honorable Court to enter an Agreed Order of Dismissal in the form submitted herewith.

| C.A.I., Inc. | Omega Plastics Corp., |
|---|---|
| By its attorneys, | By its attorneys, |
| | |
| John R. Gilbertson, BBO#191700 | Leonard F. Clarkin, BBO#085800 |
| 365 Main Street | John R. Cavanaugh, BBO#558648 |
| Stoneham, MA 02180 | Clarkin, Sawyer & Phillips, P.C. |
| 781-438-3445 | 20 William Street, Suite G-75 |
| 781-438-8642 (fax) | Wellesley, MA 02481 |
| | 781-431-2525 |
| | 781-237-7580 (fax) |

Robert J. Michaud, BBO#652283
360 Littleton Road, Unit E-10
Chelmsford, MA 01824
978-376-8649
978-256-9893 (fax)

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| C.A.I. Inc. ) | Case No. 04-12065 RCL |
|     Plaintiff ) |  |
| ) |  |
| v. ) | Consent to Judgment |
| ) | by Omega Plastics Corp. |
| Omega Plastics Corp. ) |  |
|     Defendant ) |  |
| ) |  |

      The defendant, Omega Plastics Corp., is a New Jersey Corporation. I Mark Teo, as Executive Vice President of the defendant, have carefully reviewed the Settlement Agreement, have discussed its contents and legal consequences (including my consent to jurisdiction) with my legal counsel, and affirm for the Court that, as the Executive Vice President of the defendant, Omega Plastics Corp.'s consent hereto is given freely and voluntarily.

      Omega Plastics Corp. authorizes the entry of a judgment in the amount of two hundred forty four thousand eight hundred five dollars and forty-six cents ($ 244,805.46) in favor of plaintiff C.A.I. Inc., upon notice and opportunity to be heard, and proof to the Court's satisfaction that Omega Plastics Corp. has materially violated and breached paragraph "1. Settlement Amount" of the Settlement Agreement and Plaintiff files an Affidavit of Breach of the Settlement Agreement indicating that Omega Plastics Corp. has not fulfilled its monetary obligations under the Settlement Agreement. Notwithstanding the above, nothing in this Consent to Judgment shall be construed as language consenting to additur to the Settlement Amount and any and all payments made to C.A.I. Inc. pursuant to the Settlement Agreement shall be considered as partial satisfaction of any judgment granted pursuant to this Consent.

      Dated this _____ day of February 2005.

 

                                                                            Mark Teo
                                                                            Executive Vice President
                                                                            Omega Plastics Corp.

 

      Subscribed and sworn to before me this_____day of February 2005.___

 

                                                                            Notary Public
                                                                            My Commission Expires: